NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SARAH ANNE KNAPP, *Appellant.*

No. 1 CA-CR 23-0058
FILED 8-08-2023

Appeal from the Superior Court in Yavapai County
No. V1300CR202280222
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Michael J. Dew Attorney at Law, Phoenix
By Michael J. Dew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Judge Michael J. Brown and Judge Michael S. Catlett joined.

---

**M c M U R D I E**, Judge:

**¶1** Sarah Anne Knapp appeals her conviction of criminal trespass and the resulting sentence. Knapp's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. Knapp was allowed to file a supplemental brief, but she did not do so. Counsel asks this court to search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm Knapp's conviction and sentence.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2** In December 2021, Knapp was living out of her car. When her car broke down one day in Sedona, she went to a local inn. Knapp found an unlocked door, entered the unoccupied room, and fell asleep on the bed. She was eventually awakened by the room's renters, who screamed when they returned to the room and found her there. Knapp left in a panic without explaining her presence to the renters or the inn manager. Police found Knapp in her car near the inn and issued her a citation.

**¶3** A grand jury indicted Knapp on one count of first-degree criminal trespass, a Class 6 felony, and two counts of misdemeanor disorderly conduct. The misdemeanor counts were later dismissed. The jury found Knapp guilty of criminal trespass, and the court sentenced Knapp to a mitigated term of 0.33 years' imprisonment with 36 days of presentence incarceration credit.

**¶4** Knapp appealed.

**DISCUSSION**

**¶5** We have read and considered counsel's brief and have reviewed the record for arguable issues. *See Leon*, 104 Ariz. at 300. We find none.

**¶6** Knapp was present and represented by counsel at all stages of the proceedings against her. The record reflects the superior court afforded Knapp all her constitutional and statutory rights and conducted the proceedings following the Arizona Rules of Criminal Procedure. The court held appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdict. Knapp's sentence falls within the range prescribed by law, with proper credit given for presentence incarceration.[1]

## CONCLUSION

**¶7** Knapp's conviction and sentence are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Knapp's representation in this appeal will end after informing Knapp of the outcome of this appeal and her future options unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).



AMY M. WOOD • Clerk of the Court
FILED:      JT

---

[1] Any alleged error in Knapp's sentence would be moot because Knapp has presumably completed her sentence. *See State v. Peters*, 110 Ariz. 316, 317 (1974) (issue relating to legality of sentence rendered moot by passage of time).